UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOE, | Civil Action No. 19-7853 (BRM) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| PRINCETON UNIVERSITY, et al., | |
| Defendants. | |

**BONGIOVANNI, Magistrate Judge**

Pending before the Court is Plaintiff's Motion for a Protective Order authorizing Plaintiff John Doe ("Plaintiff") to proceed under the pseudonym "John Doe" and to similarly permit Plaintiff to identify non-parties to this litigation by pseudonym, and to issue a protective order prohibiting Defendants Princeton University, et al. ("Defendants") from publicly identifying Plaintiff in court filings or otherwise. (Docket Entry No. 2). In addition to himself, Plaintiff requests the Court permit him to use a pseudonym to protect the identity of the complainant from the underlying disciplinary proceeding ("Alex Roe"), as well as the witnesses to that proceeding. Plaintiff's motion was filed with the consent of the Defendants. The Court has fully reviewed and considered all arguments made in support of Plaintiff's motion. The Court considers same without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion is GRANTED.

I. **Background and Procedural History**

Plaintiff brings this action under Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§ 1681 et seq. ("Title IX"), and various state law claims against Defendants for their actions surrounding the investigation and subsequent adjudication of Plaintiff's involvement in sexual assault. (*See generally*, Compl.; Docket Entry No. 1). The same day, Plaintiff filed the

instant *ex parte* motion for permission to proceed under a pseudonym. (Docket Entry No. 2). Defendants consent to Plaintiff's appearance by pseudonym and request for a protective order. (Docket Entry No. 10).

This case arises out of a disciplinary hearing conducted by Defendants in which the Princeton University found Plaintiff responsible for sexually assaulting another student. Plaintiff alleges harm caused by what he claims was an unfair disciplinary process. The pertinent events leading to the disciplinary proceeding are as follows: Plaintiff and Alex Roe[1], students at Princeton University, dated on and off for a two-year period. (*See* Compl., Docket Entry No. 1 at ¶ 2). On November 4, 2017, Roe alleged that Plaintiff sexually assaulted Roe in his dorm room. Although Plaintiff and Roe had attended a party on the evening of November 3, 2017, their accounts of the night diverged once they left the party. Plaintiff claims that he went back to his room, with no further contact with Roe. (*Id.* at ¶ 102). Roe claimed that Roe went to Plaintiff's dorm room to retrieve Roe's toothbrush, having left it there the previous night, and the assault ensued. (*Id.* at ¶ 117, 120). The nature of this encounter was the subject of the underlying disciplinary hearing, which concluded that Plaintiff was guilty of "non-consensual sexual contact." (*Id.* at ¶ 126-29). As a consequence, Plaintiff's degree was withheld until January 2019. Plaintiff initiated this litigation in order to address the University's alleged flawed disciplinary process, including that his allegations of sexual assault were not fairly addressed. (*Id.* at ¶ 92-93).

Given the nature of the underlying proceeding, the purpose of Plaintiff's lawsuit, and a desire to protect the identities of the individuals involved, Plaintiff filed the instant motion for

---

[1] Plaintiff, in the Complaint, alleges that at the time he initiated the Title IX proceedings, Roe preferred either gender-neutral or male pronouns. (*See* Compl.; Docket Entry No. 1 at 2, n.2). For consistency, this Court will refer to Roe throughout this opinion as "Roe."

permission to proceed under a pseudonym. This Court declined to grant Plaintiff's motion for a protective order by consent and permitted Plaintiff to submit supplemental briefing addressing certain cases wherein plaintiffs either elected to proceed without pseudonyms or were denied pseudonym status. (Docket Entry No. 13). The Court specifically requested Plaintiff respond to the following cases: *Doe v. Temple Univ.*, Docket No. 14-cv-04729, 2014 WL 4375613 (E.D. Pa. Sept. 3, 2014): *Johnson v. Temple Univ. of Commonwealth Sys. of Higher Educ.*, Docket No. 12-cv-515, 2013 WL 5298484 (E.D. Pa. Sept. 19, 2013), *reconsideration denied*, 2014 WL 3535073 (E.D. Pa. July 17, 2014); *Dempsey v. Bucknell Univ.*, Docket No. 11-cv-01679, 2012 WL 1569826 (M.D. Pa. May 3, 2012); *Gomes v. Univ. of Me Sys.*, 365 F. Supp. 2d 6 (D. Me. 2005); *Fellheimer v. Middlebury Coll.*, 869 F. Supp. 238 (D. Vt. 1994); *Ruane v. Shippensburg Univ.*, 871 A. 2d 859 (Pa. Commw. Ct. 2005); and *Doe v. Rider Univ.*, Docket No. 16-cv-4882, 2018 WL 3756950 (D.N.J. 2018). Plaintiff submitted the requested supplemental briefing and the matter is now ripe for decision. (Docket Entry No. 14).

**II.     Legal Standard**

Federal Rule of Civil Procedure ("Rule") 10 requires plaintiffs to identify their real names in the Complaint. "[A] plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'" *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir.2000)). Although the Federal Rules do not explicitly sanction the use of pseudonyms, courts have allowed plaintiffs to proceed pseudonymously when the plaintiff can demonstrate (1) "a fear of severe harm" from the public disclosure of his name and (2) "that the fear of severe harm is reasonable." *Id.* Crucially, a plaintiff's fear that he may "suffer embarrassment or economic

3

harm is not enough." *Id.* (quoting *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n. 2 (3d Cir. 2008)).

In *Megless*, the Third Circuit adopted the nine-factor test for the use of pseudonyms that was first articulated in *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D.Pa. 1997) (the "Provident Life" test). The *Megless* court noted that this "list of factors is not comprehensive" and directed courts to consider the particular circumstances of each case. *Id.* at 409-10. The factors that weigh in favor of granting anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant[s'] identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Provident Life,* 176 F.R.D. at 467-68. The factors that weigh against granting anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is legitimately motivated.

*Id*. Courts must exercise their discretion to determine when exceptional circumstances outweigh the strong public interest in open litigation. Exceptional circumstances justify the use of a pseudonym when a reasonable fear of severe harm outweighs the strong public interest in open litigation. Examples of cases where courts have allowed parties to proceed under a pseudonym

4

include those involving "'abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality.'" *Id.* (quoting *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D.Pa. 1990)).

### III. Analysis

Under the *Provident Life* test, the Court first considers the factors that support the use of a pseudonym. The Court begins with the extent to which the identity of Plaintiff has been kept confidential. Courts have found that a litigant has made substantial efforts to maintain anonymity where that litigant has limited his disclosure of the sensitive information to few other people. *See, e.g.*, *Provident Life*, 176 F.R.D. at 468 (finding that Plaintiff's limited disclosure of his mental illnesses to his immediate family and medical providers weighed in favor of granting pseudonym status). The strength of this factor is increased where that litigant has taken prior steps to maintain anonymity within the judicial system. *See Doe v. Oshrin*, 299 F.R.D. 100 (D.N.J. 2014) (finding that plaintiff, a child pornography victim, had kept her identity confidential through the criminal proceeding against the defendant, further supporting her motion for to proceed anonymously). This Court has held that a plaintiff's willingness to engage with the media supports denial of a request to proceed anonymously. *See Doe v. Rider Univ.*, 2018 2018 WL 3756950 (D.N.J. August 7, 2018).

In the present case, the Court finds that this factor weighs in favor of granting Plaintiff permission to proceed under a pseudonym. Plaintiff states that he has only spoken of the allegations to his parents, the witnesses to the Title IX case, and his legal counsel. (Docket Entry No. 2-3 at 8). Unlike the Plaintiff in *Rider*, Plaintiff did not seek media attention on this matter. *Id.* The Court therefore finds that this factor weighs in favor of the granting Plaintiff's motion.

The second factor considers the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases. The Court finds that this factor weighs in favor of Plaintiff's motion because of his status as an alleged victim of sexual assault, but not because of his status as an alleged perpetrator of sexual assault. In addressing Plaintiff's status as an alleged perpetrator of sexual assault, the Court finds that this factor does not favor Plaintiff's motion, as the fears expressed do not amount to reasonable fears of severe harm. The Court stresses that only exceptional cases will warrant the use of a pseudonym. For example, in *Oshrin*, the Court allowed Plaintiff—a victim of child pornography that was still being circulated on the internet—to proceed anonymously where she was pursuing claims of sexual abuse and feared both the exacerbation of the pain and embarrassment she suffered as a result of the defendant's actions, as well the possibility that pedophiles would stalk and revictimize her if her identity was revealed in court. 299 F.R.D. at 102-03 (D.N.J. 2014); *See also*, *Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (finding that a plaintiff who wished to keep his bipolar disorder diagnosis private was permitted to proceed pseudonymously in an ERISA action, in order to shield him from "embarrassment," "anxiety," and "stigmatization," which may have "aggravate[d] his condition.").

Relying on *Megless*, this Court has held that the fear of social stigmatization associated with being accused of a sexual assault as related to educational and employment prospects does not rise to the requisite level favoring anonymity. *See Rider*, 2018 WL 3756950 (D.N.J. 2018). In *Megless*, the plaintiff sought to proceed anonymously arguing that he feared people would believe he was a pedophile due to the distribution of a flyer identifying him and indicating that his mental status was unknown and that he was known to hang around schools. *Megless*, 654 F.3d at 406-07. The *Megless* court, however, clarified that whether or not plaintiff was a

pedophile was not at issue in the case; rather, the case sought to determine the propriety of the defendants' distribution of flyers cautioning the public about the plaintiff's presence in school zones. *Id.* The court then noted that open litigation afforded the plaintiff an opportunity to "clear his name" from any conceptions that he was a pedophile. *Id.* As a result, the *Megless* court found that the plaintiff had not met his burden of showing that this factor weighed in favor of granting him anonymity.

As in *Megless*, whether or not Plaintiff, here, committed sexual assault is not before the Court. Instead, the issue is whether or not Princeton subjected Plaintiff to an unfair disciplinary proceeding. While the Court appreciates that, unlike in *Rider,* Plaintiff's identity was not disclosed to a segment of the general population, the Court nevertheless, finds that Plaintiff's fear of social stigma fails to outweigh the general interest in favor of open judicial proceedings. As in *Megless*, open litigation will provide Plaintiff the opportunity to establish that the University's disciplinary proceedings were unfair and that he should not have been disciplined for violating the its policies. Doing so would allow him to disassociate himself from involvement with a sexual assault and vindicate himself from "the extremely damaging stigma of being labeled as a sexual assailant." (Docket Entry No. 14 at 7).

Further, Plaintiff's concerns regarding putting his current employment at risk and fear of "threats, ostracization and ridicule" if he is named in this suit are not of such a severe or extraordinary nature to support his request for anonymity. Plaintiff contends that the rise of the #MeToo movement has exacerbated the danger of severe stigma he would face should his name be associated with this case. (*See* Docket Entry No. 14 at 17-22). However, the Court is not convinced by Plaintiff's anecdotal evidence that the stigma associated with alleged perpetrators of sexual assault is any more severe than it has historically been. Additionally, the Court is not

7

persuaded that Plaintiff's fear of physical harm appears to be well-founded. More likely is Plaintiff's fear of reputational harm, which, though reasonable, amounts to a fear of embarrassment or economic harm. As the Third Circuit noted in *Megless,* fears of "embarrassment or economic harm" do not, without more, outweigh the strong public interest in open litigation. *Id.* at 408. As such, the Court finds that this factor as to Plaintiff's status as an alleged perpetrator of sexual assault, does not weigh in favor of Plaintiff's motion.

However, Plaintiff's Complaint also contains claims against Princeton including allegations in which he himself was a victim of sexual assault during his relations with Roe. (*See* Compl. ¶ 92-93; Docket Entry No. 1). As the Court will further explore below, victims of sexual assault are a vulnerable class worthy of protected status. *See*, *e.g., Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001). Therefore, Plaintiff's alleged victim status weighs this factor in his favor.

The third factor considers the public's interest in maintaining the litigant's confidentiality. The Court finds this factor to slightly weigh in favor of granting Plaintiff's motion. The public may have an interest in maintaining a litigant's confidentiality when the litigant belongs to a particularly vulnerable class,[2] when the subject matter is highly personal,[3] or when undesirable consequences will flow from revealing the identity of a litigant.[4] When the public has an interest in protecting the identity of a litigant, either because the litigant is a

---

[2] Relevant vulnerable classes include minors, the mentally ill, and victims of sexual assault. *See Oshrin*, 299 F.R.D. at 104 (finding victim of child pornography belonged to vulnerable class); *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (finding victim of sexual assault belonged to vulnerable class); *Provident Life*, 176 F.R.D. 464 (finding individual who suffered from numerous mental illnesses belonged to vulnerable class).

[3] Highly personal subject matter includes abortion, religious beliefs, and other extraordinarily personal areas. *See Megless*, 654 F.3d at 408 (listing examples where pseudonym may be appropriate including: birth control, transsexuality, welfare rights of illegitimate children, AIDS, and homosexuality); *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358 (3d Cir. 2008) (finding abortion to be personal subject matter favoring anonymity); *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981) (finding implicated religious beliefs to be subject matter favoring anonymity).

[4] The public has an interest in granting anonymity when the consequences of revealing a litigant's identity include revelation of vulnerable parties' identities, such as children and victims of crimes. *D.M. v. County of Berks*, 929 F. Supp. 2d 390 (E.D. Pa. 2013) (anonymity of litigant required to protect identity of children allegedly sexually abused by parent); *Doe v. Eason*, No. 3:98-cv-2454-P, 1999 WL 33942103 (N.D. Tex. Aug. 4, 1999) (anonymity granted to litigant to protect identity of her sexually abused daughter).

member of a particularly vulnerable class, the subject matter is highly personal, or undesirable consequences would flow from open litigation, this factor may favor anonymity.

Even if these factors are present, however, the Court must still analyze the facts to determine if public interest favors anonymity. Courts have varied when addressing alleged perpetrators of sexual assault. *Compare Doe v. Trs. of Univ. of Pa.,* No. 2:16-cv-05088-JP (E.D. Pa. Sept. 26, 2016) (finding that the public interest favored anonymity in light of the private and sensitive nature of the matter), with *Doe v. Temple Univ.*, Civil Action No. 14-04729, 2014 WL 4375613, *2 (E.D. Pa. Sept. 3, 2014) (finding that public interest did not favor anonymity).

The Court recognizes that there are factors present that weigh both in favor of and against anonymity regarding the public's interest in maintaining anonymity for alleged perpetrators of sexual assault. On one hand, this litigation focuses on matters of sensitive and highly personal nature. However, as previously noted by this Court, allegations of sexual assault on college campuses, as well as lawsuits spawning from different universities' handling of subsequent disciplinary proceedings, are a regrettably frequent occurrence. *See, e.g., Rider*, 2018 WL 3756950 at *18 (D.N.J. August 7, 2018). In *Rider*, this Court found that being associated with a disciplinary hearing regarding sexual assault did not trigger the risk of infamy associated with other behaviors or transgressions. *Id.* at *18-19. As a result, the Court finds this factor as to Plaintiff's status as an alleged perpetrator of a sexual assault to be neutral. However, as noted above, Plaintiff's claims against Princeton also include allegations in which he is a victim of sexual assault, and this factor therefore weighs in favor of Plaintiff.

The fourth factor considers whether, because of the purely legal nature of the issue presented or otherwise, the public has an abnormally weak interest in knowing the parties' identities. This factor does not weigh in favor of Plaintiff's motion because the allegations in the

9

Complaint are largely fact-dependent. When a case raises questions that are purely legal there is an atypically weak public interest in the identity of the litigants. *See L.A. v. Hoffman*, 2015 U.S. Dist. LEXIS 94564, 2015 WL 4461852, *2 (D.N.J. July 21, 2015) (granting plaintiffs' request to proceed anonymously in part because "Plaintiffs br[ought] a constitutional challenge to a statute as it applies to a general class of people and therefore the individual facts and circumstances surrounding each Plaintiff [we]re not of central importance to Plaintiffs' claims.") In contrast, this case involves fact-specific questions regarding an alleged sexual assault and Princeton's handling of the information it was provided. It is not a purely legal question like in *Hoffman*, and therefore this factor does not weigh in favor of Plaintiff.

The fifth factor considers the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified. The Court appreciates that certain plaintiffs would sacrifice bringing a potentially valid claims to avoid public disclosure of their involvement with a case. In *Megless*, the court recognized that it would harm the public if plaintiffs who wished to bring challenges against public officials for alleged abuses of power were to forego bringing their claims to preserve their anonymity. *Megless*, 654 F.3d at 410. While the Third Circuit found that this factor favored granting anonymity, the court also held that, standing alone, it was not enough to outweigh the public interest in open litigation. *Id.* at 410-11 (noting that "a plaintiff's stubborn refusal to litigate openly by itself cannot outweigh the public's interest in open trials"). Plaintiff here has indicated that he will "likely not pursue this claim if he is not permitted to proceed by pseudonym" due to the cultural and political climate surrounding allegations of sexual assault. (Doe Decl.; Docket Entry No. 14-1 at ¶ 38). Again, however, "no matter how sincere, a plaintiff's refusal to litigate

openly by itself cannot outweigh the public's interest in open trials." *Doe v. Temple*, 2014 U.S. Dist. LEXIS 122427, at *5 (citing *Megless*, 654 F.3d at 410-11).

Plaintiff also argues that other similarly situated plaintiffs will be deterred from bringing these cases should they have to do so openly. Plaintiff argues that "the vast majority" of plaintiffs that have brought cases similar to this have done so using pseudonyms. (Docket Entry No. 14 at 13). The Court is not entirely persuaded by this argument, however, as several plaintiffs have chosen to bring suits in their own names. *See Temple Univ.,* 2014 WL 4375613, *2 (E.D. Pa. Sept. 3, 2014) (noting that "[t]here are many examples of plaintiffs proceeding with suits in their own names protesting sexual assault discipline from universities."). Plaintiff maintains that a few plaintiffs choosing to sue in their own names does not negate the need to do so here. (Docket Entry No. 14 at 11). However, the Court is not convinced that denying Plaintiff's motion would deter others from brining similar suits, and as a result, finds this factor to be neutral.

Sixth, the Court considers whether the Plaintiff has illegitimate or ulterior motives. Plaintiff alleges that his request for anonymity is based in the sensitive nature of the issues involved as well as his fear of severe stigma associated with being accused of sexual assault should he proceed openly. (*See* Docket Entry No. 14 at 9). These fears have a reasonable basis given the nature of the allegations against him in the underlying disciplinary proceeding. The Court finds no reason to believe that Plaintiff has illegitimate or ulterior motives in seeking anonymity. Therefore, this factor supports anonymity.

Next the Court turns to the factors that weigh against allowing a litigant to proceed anonymously. In this regard, the Court first considers the universal level of public interest in access to the litigants' identities. The public generally has a high level of interest in knowing

litigants' identities. Temple Univ., 2014 U.S. Dist. LEXIS 122427, 2014 WL 4375613 at *1 (citing *Megless*, 654 F.3d at 408). The publicness of proceedings is an essential quality of judicial proceedings. *Megless*, 654 F.3d at 408. (noting that "'[O]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public.'" *Daubney v. Cooper*, 109 Eng. Rep. 438, 441 (K.B. 1829)). People have a well-recognized right to know who is using their courts. *Id.*; *Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d at 872; *Temple Univ.*, 2014U.S. Dist. LEXIS 122427, 2014 WL 4375613, at *2. This factor weighs against Plaintiff's Motion for Permission to Proceed under a Pseudonym.

Next, the Court considers whether, because of the subject matter of the litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing Plaintiff's identity, beyond the public's interest which is normally obtained. As this Court noted in *Rider*, the subject matter of this litigation is unfortunately common. Furthermore, Plaintiff is not a public figure. The Court finds that there is no reason that the public interest is heightened beyond its typically strong interest in public proceedings. As such, this factor does not weigh against Plaintiff's request to proceed anonymously.

Lastly, the Court considers whether the opposition to Plaintiff's requested use of a pseudonym by counsel, the public, or the press is illegitimately motivated. The Defendants in this case have consented to Plaintiff's motion, and therefore this factor does not weigh against Plaintiff's motion.

After careful analysis, on balance, the Court finds that the *Provident Life* factors weigh in favor of allowing Plaintiff to proceed anonymously through the use of a pseudonym. The Court also finds that the victim in the underlying proceeding, "Alex Roe" shall continue to be referred to as such. While the Court stresses the importance of open judicial proceedings, It recognizes

the unique circumstances present in this case, including the fact that Plaintiff claims to be a victim of sexual assault.

## IV. Conclusion

For the reasons stated above, Plaintiff's motion to proceed under a pseudonym and for a protective order is GRANTED.

An appropriate Order follows.

Dated: October 30, 2019

    s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**