**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

JOHN DOE,

          Plaintiff,

v.

PRINCETON UNIVERSITY, et al.,

          Defendants.

Case No. 3:19-CV-07853-BRM-TJB

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

    Before this Court is a Motion for Reconsideration (ECF No. 49) filed by Plaintiff John Doe ("Doe") pursuant to Local Civil Rule 7.1 seeking reconsideration of the February 28, 2020 Order and Opinion (ECF Nos. 31 and 32), which granted in part Michele Minter, Regan Hunt Crotty, Joyce Chen Shueh, Walter Wright, Cole M. Crittenden, Kathleen Deignan, W. Rochelle Calhoun, Jill S. Dolan, Sarah-Jane Leslie and the Trustees of Princeton University (the "University") (collectively, "Defendants") Motion to Dismiss (ECF No. 18). Pursuant to Federal Rule of Civil Procedure 78(b), this Court did not hear oral argument. For the reasons set forth herein and for good cause shown, Doe's Motion for Reconsideration (ECF No. 49) is **GRANTED**.

**I.    BACKGROUND**

    **A.    Facts Relating to the Motion to Dismiss**

The underlying facts are set forth at length in the Court's February 28, 2020 Opinion (ECF No. 31), from which Doe seeks reconsideration. In the interest of judicial economy, the Court refers the parties to that Opinion for a full recitation of the factual background of this dispute.[1]

    **B.    Procedural History**

On March 5, 2019, Doe filed a Complaint (the "Complaint") alleging the University and several of its administrators violated two separate claims under Title IX of the Education Amendments of 1972 ("Title IX"): an "erroneous outcome" claim and a "selective enforcement" claim, and several state laws following the University's investigation and subsequent disciplinary action against Doe stemming from allegations of sexual abuse brought by Alex Roe ("Roe") against Doe. (ECF No. 1.) On July 10, 2019, Defendants moved to dismiss Doe's entire complaint for failure to state a claim. (ECF No. 18.) On August 19, 2019, Doe filed an opposition. (ECF No. 25.) On February 28, 2020, the Court dismissed both Title IX claims with prejudice and denied without prejudice Defendants' motion to dismiss the state law claims. (*See* ECF Nos. 31 and 32.) On October 7, 2020, Doe moved for reconsideration of the Court's February 28, 2020 Order dismissing Doe's Title IX claims with prejudice. (ECF No. 49.)[2] Specifically, since the Court's decision, the Third Circuit decided a similar case, *Doe v. University of the Sciences*, 961

---

[1] Doe amended his Complaint on March 13, 2020, to revise jurisdictional allegations concerning diversity jurisdiction (the "Amended Complaint"). (ECF No. 33.) All other aspects of the Amended Complaint are identical to the original Complaint, including all allegations relevant to Doe's Title IX claims. (*See* ECF Nos. 1, 33.)

[2] Specifically, Doe seeks reconsideration of the Title IX claims (Count I and Count II). (*See* ECF Nos. 31–32, and 49.)

F.3d 203 (3d Cir. 2020) ("*USciences*"),[3] which Doe contends effects an intervening change in the law warranting reconsideration of the Court's prior decision. (*Id.*) On November 2, 2020, Defendants opposed, arguing Doe's motion for reconsideration is untimely and the *USciences* decision does not modify controlling law. (ECF No. 52.) On November 5, 2020, Doe filed a reply in further support of the motion for reconsideration. (ECF No. 53.)[4]

## II. LEGAL STANDARD

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i) if there are "matters or controlling decisions which counsel believes the Judge . . . has overlooked." L.Civ.R. 7.1(i); *Dunn v. Reed Grp., Inc.*, No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)). In that regard, the Third Circuit has held the scope of a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Accordingly, an order or judgment may only be altered or amended if the party seeking reconsideration shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made

---

[3] *USciences* was filed on May 29, 2020.

[4] Local Civil Rule 7.1(d)(3) prohibits the filing of reply briefs in support of motions for reconsideration, "unless permitted by the Court." L.Civ.R.7.1(d)(3). Here, Doe requested leave to file a reply brief (*see* ECF No. 49), and the Court grants that request. Accordingly, Doe's reply brief will be considered by the Court. *See Ass'n of New Jersey Chiropracters v. Aetna, Inc.*, No. Civ. A. No. 09-3761, 2014 WL 7409919, at *1 (D.N.J. Dec. 31, 2014).

its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014); *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration may be granted when an intervening change in the law plainly affects the original judgment entered by the Court. *Troncone v. Velahos*, No. CIV. 10-2961, 2012 WL 3018061, at *2 (D.N.J. July 23, 2012). Upon reconsideration, the Court may determine the extent to which the newly issued decision from a court of controlling authority governs the issue, and whether the Court's prior ruling should be affirmed, vacated, or modified. *Pittston Co. v. Sedgwick James of New York, Inc.*, 971 F. Supp. 915, 919 (D.N.J. 1997).

Although the Court's original judgment may be affirmed, the motion for reconsideration will still be granted where new law has not been considered. *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987). Decisions in cases not binding on the Court are rarely considered an intervening change in the law. *Holten v. Chevron U.S.A.*, 2001 U.S. Dist. LEXIS 17600 (D.N.J. Oct. 3, 2001). Likewise, entries of binding precedent that clarify but do not alter the existing law do not constitute an intervening change. *Ivan v. Cnty. of Middlesex*, 612 F. Supp. 2d 546 (D.N.J. 2009).

A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.*

### III.  DECISION

Doe's motion for reconsideration seeks to vacate the Court's order dismissing the Title IX claims. (ECF No. 49.) Here, Doe seeks reconsideration on the grounds that the Third Circuit's decision in *USciences* caused an intervening change in the controlling law. (*Id.*)

The Court has the discretion to decide the merits of Doe's motion. Local Civil Rule 7.1(i) explicitly requires motions for reconsideration be filed no later than fourteen days after the decision at issue. However, courts in this district have relaxed this requirement when the motion is based on an intervening change in the law. *See New Jersey Chiropractors*, 2014 WL 7409919, at \*6; *Elec. Mobility Corp. v. Bourns Sensors/Controls, Inc.*, 87 F. Supp. 2d 394, 401 (D.N.J. 2000) (citing L.Civ.R. 1.1 (local rules supplement Federal Rules of Civil Procedure); L.Civ.R. 83.2 (local rules may be relaxed to prevent injustice)); *see also Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116–17 (3d Cir. 1997) (recognizing that a finding of "extraordinary circumstances" based on a change in the controlling law warranted reconsideration of a prior decision of the same court). Here, if *USciences* indeed effected a change in the controlling law, reconsideration is appropriate. The approximately 133-day timeframe between the Court's decision dismissing Doe's Title IX claims and Doe's motion for reconsideration, for purposes of this Opinion, will not be viewed as the result of undue delay or bad faith. Moreover, Defendants have failed to establish Doe's filing of the motion was the result of undue delay or bad faith. Accordingly, for the above reasons, the Court will decide Doe's motion on its merits.

A motion requesting reconsideration based on a change in law must indeed be supported by an actual change in the law. A decision clarifying existing law is insufficient. *Ivan v. Cnty. of Middlesex*, 612 F. Supp. 2d 546, 552 (D.N.J. 2009). Yet, a decision by the Third Circuit

unquestionably binds this Court. *Pittston Co. v. Sedgwick James of N.Y., Inc.*, 971 F. Supp. 915, 919 (D.N.J. 1997) ("A district court owes 'blind fealty' to the precedent of a circuit court.").

Here, Doe asserts the Third Circuit's decision in *USciences* controls and requires that the Court vacate its prior decision dismissing the Title IX claims. Doe argues *USciences* adopted a definitive pleading standard for Title IX claims. (ECF No. 49-1 at 7.) Doe contends the Third Circuit has "expressly *rejected*" specific doctrinal standards, such as "erroneous outcome," "selective enforcement," and "deliberate indifference," in lieu of a broader standard that tracks more closely to the text of Title IX and prevents courts from imposing unnecessarily heightened pleading standards in Title IX cases. (*Id.* at 9.) Under this new pleading standard, according to Doe, "to state a claim under Title IX, the alleged facts, if true, must support a plausible inference that a federally funded college or university discriminated against a person on the basis of sex"; nothing further is needed. (*Id.* at 6 (citing *USciences*, 961 F.3d at 209).) Doe argues in applying the "new, broad, and unadorned pleading standard" set forth in *USciences*, it is clear the allegations contained in Doe's Complaint (*see* ECF Nos. 1, 33) are "sufficient to state a Title IX claim for relief under the new standard and as such, this court should reconsider and vacate the February 28, 2020 order and decision." (ECF No. 49-1 at 7.) Defendants argue *USciences* does not alter the pleading standard for Title IX claims, but rather "simplified the inquiry by adopting the Seventh Circuit's "more direct[]" and "straightforward" approach to showing that "sex was a motivating factor in a university's decision to discipline a student." (ECF No. 52 at 2.) The Court disagrees.

*USciences* cites to various doctrinal frameworks examined under Title IX by some circuit courts such as: "erroneous outcome," "selective enforcement," "deliberate indifference," and "archaic assumptions." 961 F.3d at 209 (citing *Yusuf v. Vassar College*, 35 F.3d 709 (2d Cir. 1994)) and *Doe v. Miami Univ.*, 882 F.3d 579, 589 (6th Cir. 2018)). In *Doe v. Purdue University*, 928

6

F.3d 652 (7th Cir. 2019), the Seventh Circuit observed, "[a]ll of these [theories] simply describe ways in which a plaintiff might show that sex was a motivating factor in a university's decision to discipline a student." *Id.* at 667. The Seventh Circuit "ask[ed] the question more directly: do the alleged facts, if true, raise a plausible inference that the university discriminated against [the student] 'on the basis of sex'?" *Id.* at 667–68. The Third Circuit, in agreement with the Seventh Circuit, saw "no need to superimpose doctrinal tests" on the Title IX statute. *USciences*, 961 F.3d at 209. The Third Circuit "adopted"[5] the Seventh Circuit's "straightforward" pleading standard and held that, "to state a claim under Title IX, the alleged facts, if true, must support a plausible inference that a federally-funded college or university discriminated against a person on the basis of sex." *Id.* While parties are "free to characterize their claims however they wish, this standard hews most closely to the text of Title IX." *Id*. Therefore, the Third Circuit in *USciences* did, in fact, create a new proposition of law. Indeed, the Third Circuit, commenting on its decision, remarked: "[I]n *University of the Sciences*, we held that a Title IX plaintiff *need not rely* on a pre-identified theory but instead *need only show* that a federally-funded college or university discriminated against [him] on the basis of sex." *Doe v. St. Joseph's Univ.*, No. 19-2158, 2020 WL 6281189, at *2 (3d Cir. Oct. 27, 2020) (emphasis added).[6] Therefore, *USciences* did more than clarify existing law, it altered it.

---

[5] Merriam-Webster's Dictionary offers two helpful and relevant definitions for the word "adopt," (1) "to take up and practice or use adopted a moderate tone" and (2) "to accept formally and put into effect." *See Merriam-Webster.com Dictionary*, Merriam-Webster, https://www.merriam-webster.com/dictionary/adopt. Accessed 17 Dec. 2020. Accordingly, the Court views the Third Circuit's decision to "adopt" the Seventh Circuit's pleading standard for Title IX claims as an intervening change in the law.

[6] The Eighth Circuit notes: "The United States Courts of Appeals for the Third and Ninth Circuits have adopted the Seventh Circuit's pleading standard." *Rossley v. Drake Univ.*, 979 F.3d 1184, 1192 (8th Cir. Nov. 5, 2020); *Schwake v. Arizona Bd. of Regents*, 967 F.3d 940, 947 (9th Cir. July 29, 2020) (citing the Third Circuit as also adopting the "far simpler standard for Title IX claims"

Accordingly, Doe has met his burden for reconsideration of the Court's February 28, 2020 Opinion because *USciences* does, in fact, constitute an intervening change in controlling law.

## IV. CONCLUSION

For the reasons set forth above, Doe's Motion for Reconsideration (ECF No. 49) is **GRANTED**. The Court vacates its prior dismissal of Doe's Title IX claims, Count I and Count II. An appropriate order follows.

Dated: December 17, 2020

>                     */s/ Brian R. Martinotti*
>                     **BRIAN R. MARTINOTTI**
>                     **UNITED STATES DISTRICT JUDGE**

---

as set forth by the Seventh Circuit); *Doe v. McDaniel Coll., Inc.*, No. CV 20-1890, 2020 WL 6544829, at *3 (D. Md. Nov. 6, 2020) (recognizing same).