Linda Wong, Esq.
WONG FLEMING
821 Alexander Road, Suite 200
Princeton, New Jersey 08543
Tel: (609) 951-9520
Fax: (609) 951-0270
lwong@wongfleming.com

Laurel Pyke Malson (*pro hac vice*)
Aryeh S. Portnoy (*pro hac vice*)
Amanda Shafer Berman (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004
(202) 624-2576
lmalson@crowell.com
aportnoy@crowell.com
aberman@crowell.com

*Attorneys for The Trustees of Princeton University, a not-for-profit educational corp. of the State of New Jersey (incorrectly referenced in the Complaint as "Princeton University"), Michele Minter, Regan Hunt Crotty, Joyce Chen Shueh, Walter Wright, Cole M. Crittenden, Kathleen Deignan, W. Rochelle Calhoun, Jill S. Dolan, and Sarah-Jane Leslie*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN DOE,<br><br>*Plaintiff*,<br><br>v.<br><br>PRINCETON UNIVERSITY, ET AL.,<br><br>*Defendants*. | Civil Action No. 3:19-cv-07853 BRM-TJB |

1

## **MOTION FOR CLARIFICATION OR STATUS CONFERENCE**

Defendants the Trustees of Princeton University et al. (collectively "Princeton" or "the University") respectfully move for clarification of this Court's December 17, 2020 Order granting reconsideration of the Court's February 28, 2020 dismissal with prejudice of Plaintiffs' Title IX claims. Alternatively, Defendants request a status conference to discuss the path forward in light of the Court's December 17 Order. The reasons for this motion are as follows:

1. On February 28, 2020, this Court dismissed Doe's Title IX claims against Princeton with prejudice, citing Doe's "fail[ure] to sufficiently plead [that] Defendant[s'] conduct was motivated by a gender bias." ECF No. 31 at 6. On October 7, 2020, Doe moved for reconsideration of that decision based on an "intervening change in controlling law"; more specifically, the Third Circuit's decision in *Doe v. University of the Sciences*, 961 F.3d 203 (3d Cir. 2020). *See generally* ECF No. 49.

2. On December 17, 2020, the Court granted the reconsideration motion on the ground that the Third Circuit's decision in *University of the Sciences* "constitute[s] an intervening change in controlling law," and vacated its prior decision dismissing the Title IX claims. ECF No. 56 at 8. The Court noted, however, that while a "motion for reconsideration will [ ] be granted where new law has not been considered," upon reconsideration "the Court's original judgment may be affirmed." *Id.* at 4 (citing *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987)).

3. In its December 17 decision, the Court did not rule on the sufficiency of Doe's pleadings to sustain a finding of gender bias under the pleading standard set out in *University of the Sciences*. And while the Court vacated its prior dismissal of Doe's Title IX claims pursuant to Defendants' Rule 12(b)(6) motion, it did not deny or otherwise decide that motion with respect to those claims.

4. Given the Court's intent to reconsider its prior ruling, Princeton seeks clarification as to whether the Court anticipates that the University would submit supplemental briefing addressing *University of the Sciences* in support of its prior Motion to Dismiss, ECF No. 18, or submit a Renewed Motion to Dismiss the Title IX claims.

5. In any such filing, Princeton will show that Doe's allegations do not "raise a plausible inference that the university discriminated against [the student] 'on the basis of sex,'" *Univ. of the Sciences*, 961 F.3d at 209 (quoting *Doe v. Purdue Univ.*, 928 F.3d 652, 667-68 (7th Cir. 2019)), and that this Court's prior conclusion that Doe "failed to sufficiently plead [that] Defendant[s'] conduct was motivated by a gender bias" (ECF No. 31 at 6) therefore remains sound under *University of the Sciences*.

For these reasons, Princeton respectfully requests that the Court issue an order clarifying how the University should proceed in light of its grant of reconsideration as to dismissal of the Title IX claims. Alternatively, Princeton requests that the Court hold a scheduling conference to address the issue, as well as a schedule for further pleadings and proceedings in light of the Court's recent order granting in part and denying in part Defendants' motion to dismiss the state law claims (ECF No. 55).

Respectfully submitted,

/s/ *Linda Wong*
Linda Wong, Esq.
WONG FLEMING
821 Alexander Road, Suite 200
Princeton, NJ  08543-3663
Tel. (609) 951-9520
Fax (609) 951-0270
lwong@wongfleming.com

Laurel Pyke Malson, Esq. (*pro hac vice*)
Aryeh Portnoy, Esq. (*pro hac vice*)
Amanda Shafer Berman, Esq. (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: (202) 624-2576
LMalson@crowell.com
APortnoy@crowell.com
ABerman@crowell.com
*Attorneys for Defendants*