

| Ira S. Nesenoff | Barbara H. Trapasso | Philip A. Byler |
| Andrew T. Miltenberg | Tara J. Davis | *Senior Litigation* |
| ——————— | Diana R. Warshow | *Counsel* |
| Stuart Bernstein | Gabrielle M. Vinci | |
| | Kara L. Gorycki | Amy J. Zamir |
| | Cindy A. Singh | Jeffrey S. Berkowitz |
| | Nicholas E. Lewis | Rebecca C. Nunberg |
| | Adrienne D. Levy | *Counsel* |
| | Ryaan Nizam | |
| | Regina M. Federico | Marybeth Sydor |
| | | *Title IX Consultant* |

ATTORNEYS AT LAW
nmllplaw.com

December 31, 2020

**VIA ECF**
Honorable Brian R. Martinotti, U.S.D.J
United States District Court
District of New Jersey
Clarkson S. Fisher Building
402 East State Street
Trenton, NJ 08608

    Re: *John Doe v. Princeton University, et al.*, Docket No. 3:19-cv-07853 (BRM)(TJB)
      **Plaintiff's Response to Defendants' Motion for Clarification or Status Conference**

Dear Judge Martinotti:

  The undersigned represents the Plaintiff, John Doe, in the above-captioned matter, and respectfully submits this letter in response to Defendants' Motion for Clarification or Status Conference (ECF No. 58). Plaintiff does not oppose Defendants' request for a status conference, but does oppose any request by Defendants for leave to file a third motion to dismiss or to further brief the issue of the sufficiency of Plaintiff's Title IX claims.

Background

  On February 28, 2020, this Court issued an order and decision granting Defendants' motion to dismiss Plaintiff's Title IX claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 31-32). On or about May 29, 2020, the Third Circuit issued a decision adopting a new pleading standard for Title IX claims. *Doe v. Univ. Scis.*, 961 F. 3d 203 (3d Cir. 2020). On October 7, 2020, Plaintiff filed a motion for reconsideration of the Court's dismissal of his Title IX claims in light of the intervening change in controlling law brought about by the *University of the Sciences* decision. (ECF No. 49). Defendants filed an opposition to the motion on November 2, 2020. (ECF No. 52). Plaintiff filed a reply on November 5, 2020. (ECF No. 53). On December 17, 2020, the Court granted Plaintiff's Motion for Reconsideration and vacated the February 28, 2020 order, thereby reinstating Plaintiff's Title IX claims. (ECF No. 57-58).



*Doe v. Princeton*
12/31/2020

Defendants now seek "clarification" of the Court's reconsideration decision and appear to assert that the decision did not fully resolve the issue of the sufficiency of Plaintiff's Title IX claims under Rule 12(b)(6), and potentially seek leave to file yet a third motion to dismiss in this matter and/or submit additional briefing concerning Plaintiff's Title IX claims. Plaintiff respectfully submits the December 17 order and decision are clear and that further motion practice under Rule 12(b)(6) is unnecessary.

<u>The Reconsideration Motion and Decision</u>

Defendants assert in their moving papers that "the Court did not rule on the sufficiency of Doe's pleadings to sustain a finding of gender bias under the pleading standard set out in *University of the Sciences*" and seek to submit further briefing on the sufficiency of Plaintiff's Title IX allegations under Rule 12. Plaintiff respectfully submits that: (i) Defendants have already had the opportunity to brief, and did brief, the issue of whether Plaintiff's Title IX allegations are sufficient under the new *University of the Sciences* standard, and (ii) the Court's Reconsideration Order found Plaintiff's allegations sufficient under the new standard.

In Plaintiff's moving papers for the reconsideration motion, Plaintiff argued first that *University of the Sciences* constituted an intervening change in controlling law sufficient to permit a motion for reconsideration, and second, that upon the merits of reconsideration, his pleadings are sufficient per Rule 12(b)(6) under the new controlling law and the prior dismissal order should be vacated. *See* ECF No. 49 at 5-10. Defendants, in their opposition papers, addressed <u>both</u> the question of whether *University of the Sciences* did in fact constitute an intervening change in controlling law <u>and</u> the merits of the motion – to wit, whether application of the *University of the Sciences* standard to this case warranted a vacating of the prior order. *See* ECF No. 52 at 3 (wherein Defendants argued "this Court's prior judgment is entirely consistent with the Third Circuit's approach"); *see also* ECF No. 52 at 11-15 (addressing the merits of whether Plaintiff's Title IX claims are sufficient when applying the new *University of the Sciences* standard).

The Court's December 17 decision makes clear that <u>both</u> prongs of the motion were considered and ruled upon by the Court, summarizing Plaintiff's arguments as follows:

> Here, Doe asserts the Third Circuit's decision in *USciences* controls and requires that the Court vacate its prior decision dismissing the Title IX claims. Doe argues *USciences* adopted a definitive pleading standard for Title IX claims. . . . Doe argues in applying the "new, broad, and unadorned pleading standard" set forth in *USciences*, it is clear the allegations contained in Doe's Complaint are "sufficient to state a Title IX claim for relief under the new standard and as such, this court should reconsider and vacate the February 28, 2020 order and decision."



*Doe v. Princeton*
12/31/2020

The Court then walked through each party's arguments and held that *Doe v. University of the Sciences* constituted an intervening change in controlling law <u>and</u> vacated the prior order dismissing the Title IX claims.

As a matter of simple logic, the Court's December 17 decision must have found Plaintiff's allegations to be sufficient under Rule 12 when applying the new standard. If the opposite were true, the Court presumably would have granted the motion for reconsideration but affirmed the prior order. Indeed, the Court expressly noted that such is an option (ECF No. 56 at 4), and Defendants have acknowledged that this option was considered (and rejected) by the Court (ECF No. 58-1 at 2).

Thus, Plaintiff submits the Court has already ruled on the sufficiency of Plaintiff's Title IX claims applying the new *University of the Sciences standard*, and held such allegations sufficient under Rule 12, vacating the prior dismissal order and reinstating the claims. As such, there is no need for further briefing. Defendants have had a full and fair opportunity to brief the sufficiency of Plaintiff's claims, submitting <u>two</u> motions to dismiss the Complaint in its entirety and arguing the merits again in their opposition to reconsideration. Those motions have been fully considered and disposed and this Court has rightfully found Plaintiff's Title IX, Fundamental Fairness, Breach of Contract, Breach of Implied Contract, and Breach of the Covenant of Good Faith claims sufficient under Rule 12. It is time to move forward in this litigation.

Respectfully submitted,

NESENOFF & MILTENBERG, LLP

__/s/ Adrienne Levy_____
Adrienne Levy, Esq.
363 Seventh Ave., 5th Floor
New York, NY 10001
(212) 736-4500
alevy@nmllplaw.com

*Attorneys for Plaintiff John Doe*

cc: All counsel (via ECF)