

Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
+1.202.624.2500 main
+1.202.628.5116 fax

May 20, 2022

**VIA ECF**
Hon. Zahid N. Quraishi
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 4W
Trenton, NJ 08608

Re:   *Doe v. Princeton Univ., et al*, No. 3:19-cv-07853-ZNQ-TJB
      Princeton's Response to Plaintiff's May 16, 2022 Notice of Supplemental Authority

Dear Judge Quraishi:[1]

The Trustees of Princeton University ("Princeton" or "the University")[2] respond to Plaintiff's notice of supplemental authority, ECF 83. Plaintiff suggests that the Third Circuit's opinion in *Doe v. Princeton Univ.*, No. 21-1458 (March 31, 2022), is relevant to Princeton's Renewed Motion to Dismiss Plaintiff's Title IX claims because the panel "rejected crediting the investigation report's assertions over the Complaint's allegations." That holding is not relevant here because Princeton has not asked the Court to credit the content of a University document the over factual allegations in the Complaint. Rather, Princeton moved to dismiss the Title IX claims on the ground that Plaintiff's allegations are insufficient to sustain those claims as a matter of law, and pointed to the University's Decision Letter and attached Panel Memo—which Doe cited in the Complaint—*only* to demonstrate the process that led to the disciplinary decision against Doe.

The Third Circuit's decision in *Doe v. Princeton Univ.*, No. 21-1458, also addressed Title IX claims brought by a male student, John Doe, found responsible for sexually assaulting a female student, Jane Roe. Challenging the district court's decision dismissing his claims, Doe "allege[d] that the District Court impermissibly credited findings in the [University's investigative] Report as true, despite his Complaint's assertions to the contrary." Slip Op. at 10. The Third Circuit therefore considered "whether a district court may consider documents outside of the pleadings and, if so, whether the district court may disregard the well-pleaded facts of a complaint in favor of facts in an external document." *Id*. The Court answered the first question in the affirmative and the second in the negative. *Id.* at 10-11.

---

[1] Plaintiff mistakenly addresses his letter to Judge Martinotti. This case was reassigned to Judge Quraishi on June 29, 2021. *See* ECF 77.

[2] The only claim against the individual Defendants was dismissed in the Court's December 16, 2020 Order granting in part and denying in part Defendants' Motion to Dismiss the State Law Claims. ECF No. 55 (dismissing Count 7, the negligence claim against the individual Defendants).

Princeton's Renewed Motion to Dismiss is consistent with the Third Circuit's approach. The Panel Memo was attached to Princeton's May 25, 2018 Decision Letter, which Doe references repeatedly in his Complaint. *E.g.*, Am. Compl. ¶¶ 127-32. In its prior decision dismissing the Title IX claims, the court rightly concluded that it could consider documents integral to or relied on in the Complaint. ECF 31 at 4. And unlike in the case now cited by Plaintiff, Princeton does not rely on the Panel Memo to contradict factual allegations in the Complaint. Rather, Princeton cited the Panel Memo as demonstrating the *process* that led to the University's decision holding Doe responsible for sexual assault, providing information lacking from Doe's conclusory allegations that Princeton violated Title IX.[3] *See* Reply in Support of Renewed Motion to Dismiss, ECF 75 at 12-13, 15-18 ("Nor does Princeton ask the Court to reject Doe's allegations in the FAC as contrary to the factual findings reflected in the University's decision documents…*There is no conflict between the Decision Documents and Doe's factual allegations as to the issues in this case.*").

Thus, the Third Circuit's March 31 decision regarding the district court's reliance on a different document in a different case with different allegations does not undermine Princeton's Renewed Motion to Dismiss the Title IX claims.

Respectfully submitted,

By: */s/Linda Wong*
Linda Wong, Esq.
WONG FLEMING
821 Alexander Road, Suite 200
Princeton, NJ  08543-3663
Tel. (609) 951-9520
Fax (609) 951-0270
E-mail: lwong@wongfleming.com

Laurel Pyke Malson, Esq. (*pro hac vice*)
Aryeh S. Portnoy, Esq. (*pro hac vice*)
Amanda Shafer Berman, Esq. (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: (202) 624-2576
LMalson@crowell.com
APortnoy@crowell.com
ABerman@crowell.com

*Attorneys for Defendant*

---

[3] Although Doe's allegations challenge Princeton's decision, essentially asserting that it was wrong, Doe does not allege facts that, if true, show gender bias – a fatal pleading deficiency. *See* Renewed Motion to Dismiss, ECF 65-1 at 26 (explaining that, "*even if true*, [Doe's] allegations fail to show gender bias") (emphasis added). Thus, even if this Court ignored the Panel Memo, Doe's Complaint fails to state a Title IX claim.